AARON M. CLEFTON, Esq.  (SBN 318680)
REIN & CLEFTON, Attorneys at Law
1423 Broadway #1133
Oakland, CA  94612
Telephone:  510/832-5001
Facsimile:  510/832-4787
info@reincleftonlaw.com

Attorneys for Plaintiff
PAMELA BALL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA BALL<br><br>        Plaintiff,<br><br>v.<br><br><br>CALIFORNIA HOTEL HOSPITALITY SERVICES, INC. dba HOLIDAY INN EXPRESS VAN NUYS<br><br>        Defendant. | CASE NO. 2:24-cv-08826<br><u>Civil Rights</u><br><br>**COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES REGARDING DENIAL OF SERVICE DOG AND HANDLER TO EQUALLY USE AND ENJOY PUBLIC ACCOMMODATION:**<br><br>1.  **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2.  **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br>3.  **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

1.    **PREFETORY STATEMENT:** This is Plaintiff's second Americans with Disabilities Act ("ADA") lawsuit. It does not involve any architectural barriers, only service dog denial claims. Plaintiff's law firm is not a high frequency litigation firm, filing approximately 10 cases this year to date in this District. Rein & Clefton represents many different disabled plaintiffs, none of whom are high frequency litigants as defined by state law.  Plaintiff PAMELA BALL complains of

Defendant CALIFORNIA HOTEL HOSPITALITY SERVICES, INC. dba HOLIDAY INN EXPRESS VAN NUYS and alleges as follows:

2.    **INTRODUCTION:**  Plaintiff and her daughter had a reservation to stay at the Holiday Inn Express Van Nuys for July 4, 2024, Plaintiff went to the Hotel located at 8244 Orion Ave, Van Nuys, California 91406, to check in. Instead of allowing Plaintiff her room, Defendant denied disabled Plaintiff services and admittance to hotel because she is a disabled individual who uses a task trained service dog to ameliorate her disability.  Despite the fact that Plaintiff informed Defendant that her dog is a trained medical alert service dog, Defendant told Plaintiff that she would either have to show a "certificate from the government" proving that her dog is a service dog or pay an extra fee of $350 for her dog, more than the cost of a night's stay. Both Plaintiff and her daughter attempted to convince Defendant's employee at the front desk that the requirement of an ID or a fee for a service dog was contrary to the ADA, but ultimately it became clear that they would not be able to stay at the Springhill Suites without paying the exorbitant $350 fee.  Plaintiff and her daughter left the hotel to try to find other accommodations for the night.

3.    Defendant constructively refused service to Plaintiff because a "certificate from the government" for a service does not exist, and the requested fee $350 more than doubled the cost of the room and is prohibitively expense. As a result, Plaintiff was denied service by Defendant because of her disability because she needs her service dog to equally enjoy the premises compared with non-disabled persons. Plaintiff was devastated by her interactions with Defendant.

4.    Defendant's decision to bar Plaintiff from entry because of her service dog contravenes the ADA's mandate to allow disabled persons equal enjoyment of the facility and the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service

animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence**.** DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/ (emphasis added). Similarly, the DOJ's FAQs regarding Services Animals mirror these requirements specifically in the hotel context:

> **Q12. Can hotels charge a cleaning fee for guests who have service animals**?
>
> A. No. Hotels are not permitted to charge guests for cleaning the hair or dander shed by a service animal. However, if a guest's service animal causes damages to a guest room, a hotel is permitted to charge the same fee for damages as charged to other guests.
>
> **Q17. Does the ADA require that service animals be certified as service animals**?
>
> A. No. Covered entities may not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal, as a condition for entry.
>
> **There are individuals and organizations that sell service animal certification or registration documents online. These documents do not convey any rights under the ADA and the Department of Justice does not recognize them as proof that the dog is a service animal.**

https://www.ada.gov/resources/service-animals-faqs/

5.     On July 4, 2024, Defendant refused to allow Plaintiff to stay at its hotel due to the presence of her task trained service dog despite that her service dog

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

was under her control, task trained, and is housebroken.  Further, Defendant did not cite either of those as reasons for refusing service to Plaintiff.  Defendant simply told Plaintiff that she must provide a government issued certification for her service dog or pay an exorbitant fee of $350 in order to stay at the Holiday Inn Express.

6.    Plaintiff enjoys traveling in California where she regularly stays in hotels.  Plaintiff intends to return to visit the Van Nuys area and stay at the Holiday Inn Express Van Nuys to enjoy the convenient location as well as the amenities it has to offer.  However, she cannot do so until the policies of the Hotel are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training.  Plaintiff has brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate her for refusing to serve her because she is a disabled person who needs the assistance of her qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at the Holiday Inn Express Van Nuys.

7.    **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 USC sections 1331 and 1343.  This Court has jurisdiction over the claims brought under California law pursuant to 28 U.S.C. § 1367.

8.    **VENUE:**  Venue is proper in this court pursuant to 28 USC section 1391(b) and is proper because the real property which is the subject of this action is located in this district and that Plaintiff's causes of action arose in this district.

9.    **INTRADISTRICT:**  This case should be assigned to the Western Division because the real property which is the subject of this action is located in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

10.    **PARTIES:**  Plaintiff Pamela Ball is a "qualified" disabled person who uses the assistance of a service dog to ameliorate her disability.  Plaintiff suffers from an irregular heartbeat which can cause her blood pressure to drop to

1    dangerously low levels.  When her blood pressure drops, she can faint and fall

2    down unless she takes immediate action to raise her blood pressure or at the very

3    least get herself to a safe place.  Plaintiff's disability affects her abilities to walk,

4    stand and think clearly.

5        11.    Plaintiff relies upon her service dog, a Maltipoo named "Mason" to

6    assist her with certain tasks including alerting her to any decrease in her blood

7    pressure so that she can sit down, put her head between her legs, drink water to

8    hydrate herself before her blood pressure drops to dangerous levels, and take

9    medication if necessary.  In order to alert Plaintiff, Mason is trained to lick

10   Plaintiff's calf to alert, then stand on his hind legs and put his front paws on

11   Plaintiff's knee until Plaintiff takes action to raise her blood pressure.

12       12.    Plaintiff trained Mason to perform this task herself.  She researched

13   online regarding the training of service dogs, and then she trained him over the

14   course of many months.  She would do so by bringing him close to her whenever

15   she was experiencing symptoms of low blood pressure so that he could see and feel

16   her reactions.  Then, Plaintiff would point to her calf to indicate that Mason should

17   lick her and then gesture for him to put is front paws on her knee.  Whenever he did

18   the task, she would reward him with treats and praise.  Mason and Plaintiff have

19   been working together for over two years.  Plaintiff continues to reinforce the

20   training with Mason daily.  Plaintiff is a qualified person with a disability as

21   defined under federal and state law who is substantially limited in the major life

22   activities of walking, standing, and thinking clearly.  42 U.S.C. § 12102, 29 U.S.C.

23   § 705(9)(B), and California Government Code § 12926(1).

24       13.    Defendant CALIFORNIA HOTEL HOSPITALITY SERVICES, INC.

25   dba HOLIDAY INN EXPRESS VAN NUYS, is and was at all times relevant to

26   this Complaint the owner, operator, lessor and/or lessee of the subject business

27   located at 8244 Orion Ave, Van Nuys, California, known as the Holiday Inn

28   Express Van Nuys ("Hotel").

14.     The Hotel is a place of "public accommodation" and a "business establishment" subject to the requirements *inter alia* of the categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq.*

15.     **FACTUAL STATEMENT:**  Plaintiff Pamela Ball has been working with her service dog Mason for approximately two and a half years.  Mason is a Maltipoo who was individually trained by Plaintiff to be a service dog.  Plaintiff has also continued to train Mason to serve her specific needs throughout their relationship.  Mason is specifically trained to assist Plaintiff by alerting her to changes in her heart rate and blood pressure so that she can get herself to a safe place in a sitting position in a safe place before her blood pressure drops to dangerous levels.  Prior to working with Mason, Plaintiff was hospitalized several times due to her blood pressure dropping to low.  However, she has not been hospitalized since working with Mason because he is able to alert her before she realizes her blood pressure is dropping, and Plaintiff can take certain steps to raise her blood pressure before it drops too low.

16.     Mason is a working dog; he is not a pet.  Mason wears a vest identifying him as a service dog. Plaintiff and Mason have trained extensively together, and they supplement that training daily.  Plaintiff takes Mason everywhere with her in public.  It is important they stay together as much as possible because (a) Mason provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. With few exceptions, where Plaintiff goes, Mason goes.

17.     At the time of the incidents, both Plaintiff and her adult daughter were considering a move from Nevada to California. However, neither of them was sure where in California they wanted to live.  Plaintiff and her daughter decided to travel around California, particularly Southern California, for approximately six months to see if they could find a place they really wanted to live.  As a result, they stayed

in various hotels from about December of 2023 until the end of the summer 2024 when Plaintiff's mother became ill, and they ceased their travels.  However, Plaintiff is still planning a move to California and will need to stay in hotels such as the Holiday Inn Express Van Nuys when she returns to her search for a long-term home. Plaintiff and her daughter also continue to travel together on occasion for trips and getaways, in Southern California.

18.    In early July, Plaintiff made a reservation to stay at the Holiday Inn Express Van Nuys for the night of July 4, 2024.  Plaintiff, her service dog (Mason), and her daughter (Alyssa) arrived at the Hotel on July 4, 2024.  They parked their car, and Plaintiff went into the lobby, with her service dog Mason, to check-in.

19.    Plaintiff and Mason approached the registration desk, and the gentleman behind the counter told Plaintiff that no pets are allowed inside the Holiday Inn Express Van Nuys.  Plaintiff informed Defendant's employee that Mason is a service dog, not a pet, and therefore, is allowed to accompany her inside the hotel.  Defendant's employee then asked Plaintiff to provide him with a certificate issued by the government for her service dog.  Plaintiff explained that she does not have any ID proving that Mason is a service dog, that no such thing exists, and that it is contrary to the ADA to request any ID.

20.    Defendant's employee then told her that if she could not provide an ID for her service dog, Defendant would charge her a $350 to stay at the Holiday Inn Express Van Nuys with Mason.  $350 would have more than doubled the cost of the room per night, so Plaintiff did not want to pay the fee. She requested to speak to the manager, but Defendant's employee informed Plaintiff that there was no point in speaking to the manager because he was following his manager's instructions.  Plaintiff then told Defendant's employee that he should just cancel the reservation.

21.    Plaintiff went outside to discuss the situation with her daughter. Plaintiff's daughter volunteered to go inside the Holiday Inn Express Van Nuys to

discuss the situation with Defendant's employee.  Plaintiff stayed outside because she was feeling lightheaded and very frustrated.

22.    Plaintiff's daughter went into the lobby of the Holiday Inn Express Van Nuys.  She informed Defendant's employee that she and her mother had a reservation for the night and that her mother used a service dog to ameliorate her disability. Defendant's employee told Plaintiff's daughter that they would need to provide a certificate for the service dog in order to stay at the Hotel.  Plaintiff's daughter explained that Plaintiff does not have a certificate for Plaintiff because there is no such thing or requirement under the ADA.  Defendant's employee told Plaintiff's daughter that if they did not have a certificate Defendant would charge them a $350 fee to have Mason stay at the hotel.

23.    Plaintiff's daughter then argued that it was contrary to the ADA for Defendant to require a certificate or charge a fee for a service animal.  Defendant's employee told Plaintff's daughter that he always required patrons to show a certification for their service animals and that he had never had an issue with the requirement previously.  Plaintiff's daughter then explained to Defendant's employee that Defendant is actually only allowed to ask two questions of a disabled service animal user, 1) is your dog a service dog required because of a disability? 2) what task has the animal been trained to perform?  At this point, Defendant's employee asked what task Mason performed, and Plaintiff's daughter responded that he alerts Plaintiff of changes in heart rate and temperature.  Defendant's employee still insisted that Plaintiff must provide him with a certificate proving that her dog is a service dog.

24.    Plaintiff's daughter asked if she could speak to a manager or if Defendant's employee could pull up the ADA on his computer so that he could see that no certificate is available or required for a service dog. Ultimately, Defendant's employee told Plaintiff's daughter that the best he could do was write a report to the management about Plaintiff's lack of certificate for her service dog and Defendant's

8

manager would have to determine whether the $350 fee would be refunded. However, Defendant's employee again warned her that he was following the manager's express directions that hotel guests with service dogs were required to show a certificate for their dogs and that he had never had a guest with a service dog refuse to comply with this request previously.

25.    Ultimately, Plaintiff decided not to risk the likely $350 fee for her to stay at the Hotel with her service dog.  Plaintiff and her daughter attempted to find another hotel in the area with a vacancy, but there were unable to find a room. They ended up having to sleep in their vehicle for the night and find another hotel the following day.

26.    Plaintiff wishes to return to patronize the Holiday Inn Express Van Nuys when she has the need for accommodations in the area. However, Plaintiff cannot return until *after* Defendant has implemented proper service animal policies and training of its staff.  Plaintiff is deterred from returning to the Hotel until these policies and training are in place.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 USC §§ 12101 *et seq.*)

27.    Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in Paragraphs 1 through 26 above, and incorporates them herein by reference as if separately repled hereafter.

28.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing

9

existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous." 42 U.S.C. § 12101(a).

29.     The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 USC § 12182.

30.     Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

31.      Holiday Inn Express Van Nuys is a public accommodation within the meaning of Title III of the ADA.  42 U.S.C. § 12181(7)(A).

32.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii).

33.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go."  ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

34.    Defendant's decision to constructively bar Plaintiff from entry because of her service dog contravenes the ADA's mandate to allow disabled persons equal enjoyment of the facility and the Department of Justice's technical assistance and guidance on the subject of "Service Animals." In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence**.**

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/ (emphasis added). Similarly, the DOJ's FAQs regarding Services Animals mirror these requirements specifically in the hotel context:

**Q12. Can hotels charge a cleaning fee for guests who have service animals**?

A. No. Hotels are not permitted to charge guests for cleaning the hair or dander shed by a service animal. However, if a guest's service animal causes damages to a guest room, a hotel is permitted to charge the same fee for damages as charged to other guests.

**Q17. Does the ADA require that service animals be certified as service animals**?

A. No. Covered entities may not require documentation, such as proof that the animal has been certified, trained, or licensed as a service animal, as a condition for entry.

**There are individuals and organizations that sell service animal certification or registration documents online. These documents do not convey any rights under the ADA and the Department of**

11

**Justice does not recognize them as proof that the dog is a service animal.**

https://www.ada.gov/resources/service-animals-faqs/

35.    On information and belief, as of the date of Plaintiff's most recent visits to the Holiday Inn Express Van Nuys on or about July 4, 2024, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of Plaintiff's disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

36.    In passing the Americans with Disabilities Act of 1990 (hereinafter "ADA"), Congress stated as its purpose:

> It is the purpose of this Act
> (1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
> (2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;
>
> (3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and
>
> (4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 USC § 12101(b).

37.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 USC § 12181 *et seq.*).  The subject property and facility are one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes any "inn, hotel motel, or other place of lodging."  42 USC § 12181(7)(A).

38.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public

12

accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

§ 12182(b)(2)(A)(iv): "a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities... where such removal is readily achievable;"

§ 12182(b)(2)(A)(v): "where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods if such methods are readily achievable."

The acts and omissions of Defendant set forth herein were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

39.     The removal of each of the policy barriers complained of by Plaintiff

as hereinabove alleged, were at all times herein mentioned "readily achievable" under the standards of sections 12181 and 12182 of the ADA. As noted hereinabove, removal of each and every one of the policy barriers complained of herein were already required under California law. In the event that removal of any barrier is found to be "not readily achievable," Defendant still violated the ADA, per section 12182(b)(2)(A)(v) by failing to provide all goods, services, privileges, advantages and accommodations through alternative methods that were "readily achievable."

40. On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies, and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

41. Defendant's actions continue to deny Plaintiff's rights to full and equal access by deterring Plaintiff from patronizing the Holiday Inn Express Van Nuys and discriminated and continue to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA. 42 U.S.C. § 12182.

42. Pursuant to the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 USC 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183. On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full

and equal" access to this public accommodation since on or before Plaintiff's

encounters.  Pursuant to section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)...
> injunctive relief shall include an order to alter facilities to make such
> facilities readily accessible to and usable by individuals with disabilities
> to the extent required by this title.  Where appropriate, injunctive relief
> shall also include requiring the provision of an auxiliary aid or service,
> modification of a policy, or provision of alternative methods, to the
> extent required by this title.

43.     Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of

the Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal

Regulations adopted to implement the Americans with Disabilities Act of 1990.

Plaintiff is a qualified disabled person for purposes of § 12188(a) of the ADA who

is being subjected to discrimination on the basis of disability in violation of Title III

and who has reasonable grounds for believing she will be subjected to such

discrimination each time that she may use the property and premises, or attempt to

patronize the Holiday Inn Express Van Nuys, in light of Defendant's policies

barriers.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

### SECOND CAUSE OF ACTION:
### VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH
### ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS
### WITH DISABILITIES ACT AS INCORPORATED
### BY CIVIL CODE SECTION 51(f)

44.     Plaintiff re-pleads and incorporates by reference, as if fully set forth

again herein, the allegations contained in Paragraphs 1 through 43 of this

Complaint and incorporates them herein as if separately re-pleaded.

45.     At all times relevant to this action, the Unruh Civil Rights Act,

California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and
> no matter what their sex, race, color, religion, ancestry, national origin,
> disability, or medical condition are entitled to the full and equal
> accommodations, advantages, facilities, privileges, or services in all
> business establishments of every kind whatsoever.

46.     California Civil Code section 52 provides that the discrimination by

1   Defendant against Plaintiff on the basis of disability constitutes a violation of the

2   general anti-discrimination provisions of sections 51 and 52.

3        47.    Each of Defendant's discriminatory acts or omissions constitutes a

4   separate and distinct violation of California Civil Code section 52, which provides

5   that:

6          Whoever denies, aids or incites a denial, or makes any discrimination
    or distinction contrary to section 51, 51.5, or 51.6 is liable for each and

7          every offense for the actual damages, and any amount that may be
    determined by a jury, or a court sitting without a jury, up to a maximum

8          of three times the amount of actual damage but in no case less than four
    thousand dollars ($4,000), and any attorney's fees that may be

9          determined by the court in addition thereto, suffered by any person
    denied the rights provided in Section 51, 51.5, or 51.6.

10

11        48.    Any violation of the Americans with Disabilities Act of 1990

12   constitutes a violation of California Civil Code section 51(f), thus independently

13   justifying an award of damages and injunctive relief pursuant to California law,

14   including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the

15   right of any individual under the Americans with Disabilities Act of 1990 (Public

16   Law 101-336) shall also constitute a violation of this section."

17        49.    The actions and omissions of Defendant as herein alleged constitute a

18   denial of access to and use of the described public facilities by disabled persons

19   who use service dogs within the meaning of California Civil Code sections 51 and

20   52.  As a proximate result of Defendant's action and omissions, Defendant has

21   discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and are

22   responsible for statutory and compensatory to Plaintiff, according to proof.

23        50.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions and

24   conduct, Plaintiff has been required to incur attorney fees, litigation expenses and

25   costs as provided by statute in order to enforce Plaintiff's rights and to enforce

26   provisions of law protecting access for disabled persons and prohibiting

27   discrimination against disabled persons.  Plaintiff therefore seeks recovery of all

28   reasonable attorney fees, litigation expenses and costs pursuant to the provisions of

California Civil Code sections 51 and 52. Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

51.    Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

### THIRD CAUSE OF ACTION:
### DAMAGES AND INJUNCTIVE RELIEF
### FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC
### FACILITIES  IN A PUBLIC ACCOMMODATION
### (Civil Code §§ 54 *et seq.*)

52.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 51 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

53.    Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places." Civil Code § 54(a).

54.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with to "accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices…or other places to which the general public is invited." Civil Code § 54.1(c) also specifies that, "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

55.    Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or

service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

56.    Civil Code section 54.3(b) makes liable "Any person or persons, firm or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2."  This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

57.    Defendant is also in violation of California Penal Code section 365.5(b) which states:

> No blind person, deaf person, or disabled person and his or her specially trained guide dog, signal dog, or service dog shall be denied admittance to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited within this state because of that guide dog, signal dog, or service dog.

58.    The Holiday Inn Express Van Nuys is a public accommodation within the meaning of the CDPA.  On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

59.    Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from their public accommodation and thereby deny Plaintiff's her right of entrance into their place of business with her service dog.  As a result of that decision Plaintiff has faced the continuing discrimination of being constructively barred from entering this public accommodation and place of business based upon Defendant's exclusion of Plaintiff's legally protected use of her service dog.  Plaintiff has continued to suffer denial of access to these facilities, and she faces the prospect of unpleasant and discriminatory treatment should she attempt to return to these facilities.  Plaintiff is unable to return to the Holiday Inn

1  Express Van Nuys until she receives the protection of this Court's injunctive relief,

2  and she has continued to suffer discrimination on a daily basis since July 4, 2024,

3  all to her statutory damages pursuant to California Civil Code §§ 54.1, 54.2, and

4  54.3 and California Penal Code section 365.5.

5      60.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit

6  the acts and omissions of Defendant as complained of herein which are continuing

7  on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff

8  and other members of the public who are disabled and who require the assistance of

9  service animals from full and equal access to these public facilities.  Such acts and

10 omissions are the cause of humiliation and mental and emotional suffering of

11 Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-

12 class citizen and serve to discriminate against her on the sole basis that Plaintiff is a

13 person with disabilities who requires the assistance of a service animal.

14     61.    Plaintiff wishes to return to patronize the Holiday Inn Express Van

15 Nuys but is deterred from returning to use these facilities, because the lack of

16 access and the significant policy barriers will foreseeably cause her further

17 difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such

18 acts and omissions of Defendant continues, to achieve equal access to and use of

19 these public facilities.  Therefore, Plaintiff cannot return to patronize the Holiday

20 Inn Express Van Nuys and its facilities and is deterred from further patronage until

21 these facilities are made properly accessible for disabled persons, including Plaintiff

22 and other disabled individuals who require the assistance of a service animal.

23     62.    The acts of Defendant have proximately caused and will continue to

24 cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks

25 injunctive relief as to Defendant's inaccessible policies.  As to the Defendant that

26 currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff

27 seeks preliminary and permanent injunctive relief to enjoin and eliminate the

28 discriminatory practices that deny full and equal access for disabled persons and

1   those associated with them, and seeks an award of reasonable statutory attorney

2   fees, litigation expenses and costs.

3   63.   Wherefore Plaintiff asks this Court to preliminarily and permanently

4   enjoin any continuing refusal by Defendant to grant full and equal access to

5   Plaintiff in the ways complained of and to require Defendant to comply forthwith

6   with the applicable statutory requirements relating to access for disabled persons.

7   Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and

8   55, and other laws.  Plaintiff further requests that the Court award damages

9   pursuant to Civil Code section 54.3 and other law and attorney fees, litigation

10  expenses, and costs pursuant to Civil Code sections 54.3 and 55, Code of Civil

11  Procedure section 1021.5 and other law, all as hereinafter prayed for.

12  64.   **DAMAGES:**  As a result of the denial of full and equal access to the

13  described facilities and due to the acts and omissions of Defendant in owning,

14  operating, leasing, constructing, altering, and/or maintaining the subject facilities,

15  Plaintiff has suffered a violation of her civil rights, including but not limited to

16  rights under Civil Code sections 54 and 54.1, and has suffered difficulty,

17  discomfort and embarrassment, and physical, mental and emotional personal

18  injuries, all to her damages per Civil Code section 54.3, including general and

19  statutory damages, as hereinafter stated.  Defendant's actions and omissions to act

20  constitute discrimination against Plaintiff on the basis that she was and is disabled

21  and unable, because of the policy barriers created and/or maintained by the

22  Defendant in violation of the subject laws, to use the public facilities on a full and

23  equal basis as other persons.  The violations have deterred Plaintiff from returning

24  to attempt to patronize the Holiday Inn Express Van Nuys and will continue to

25  cause her damages each day these barriers to access and policy barriers continue to

26  be present.

27  65.   Although it is not necessary for Plaintiff to prove wrongful intent in

28  order to show a violation of California Civil Code sections 54 and 54.1 or of Title

III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, prior to the filing of this complaint.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for Plaintiff's rights and safety.

66.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, pursuant to the provisions of Civil Code sections 54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs pursuant to the provisions of California Code of Civil Procedure section 1021.5 and other applicable law.

67.    Plaintiff suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on their deterrence from returning to the Holiday Inn Express Van Nuys.

WHEREFORE, Plaintiff prays for relief as hereinafter stated.

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as set forth in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury as a result of the unlawful acts, omissions, policies, and practices of the Defendant as alleged herein, unless Plaintiff is granted the relief she

requests.  Plaintiff and Defendant have an actual controversy and opposing legal positions as to Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Pamela Ball prays for judgment and the following specific relief against Defendant:

1.    An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

    a.  From continuing the unlawful acts, conditions, and practices described in this Complaint;

    b.  To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that she will not be required to show any ID, certificate or paperwork or pay any fee for her service should she desire to enter and patronize the Holiday Inn Express Van Nuys;

    c.  That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction pursuant to ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities and which provide full and equal access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

d.  An order retaining jurisdiction of this case until Defendant have fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2.    An award to Plaintiff of statutory, actual, general, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3.    An award of civil penalty as against Defendant under California Penal Code § 365.5(c);

4.    An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

5.    An award of prejudgment interest pursuant to Civil Code § 3291;

6.    Interest on monetary awards as permitted by law; and

7.    Grant such other and further relief as this Court may deem just and proper.

Date: October 15, 2024                    REIN & CLEFTON

                                          ___/s/ Aaron M. Clefton
                                          By AARON M. CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          PAMELA BALL

**JURY DEMAND**

Plaintiff hereby demands a trial by jury for all claims for which a jury is permitted.

Date: October 15, 2024                    REIN & CLEFTON

                                          ___/s/ Aaron M. Clefton
                                          By AARON M. CLEFTON, Esq.
                                          Attorneys for Plaintiff
                                          PAMELA BALL

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES